***Exhibit A***

| | |
|---|---|
| Thomas Roseman<br>145 Hty Rd<br>Kunkletown, PA 18058<br><br>Plaintiff<br><br>v.<br><br>Equifax Information Services, LLC<br>1550 Peachtree Street, N.W.<br>Atlanta, GA 30309<br><br>Defendant | IN THE MONROE COUNTY<br>COURT OF COMMON PLEAS<br><br>Civil Action<br><br>No. 707 CV 2025<br><br>Jury Trial Demanded<br><br>Monroe County PA Prothonotary<br>FEB 3 '25 PM3:45 |

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

MONROE COUNTY BAR ASSOCIATION
FIND A LAWYER PROGRAM
913 MAIN STREET
STROUDSBURG, PENNSYLVANIA 18360
Telephone (570) 424-7288
Fax (570) 424-8234

| Thomas Roseman,<br>Plaintiff<br>v.<br>Equifax Information Services, LLC,<br>Defendant | IN THE MONROE COUNTY COURT OF COMMON PLEAS<br>Docket No. 707 CV 2025 |
|---|---|

**COMPLAINT**

INTRODUCTORY STATEMENT

1. This is a Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., action for damages based on inaccurate information contained in Plaintiff's credit file. Defendant failed to follow reasonable procedures and failed to conduct reasonable investigations with respect to such information.

PARTIES

2. Plaintiff, Thomas Roseman, is a natural person who resides at 145 Hty Road, Kunkletown, PA 18058.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

4. Defendant, Equifax Information Services, LLC, is a credit bureau doing business in Pennsylvania.

5. Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

JURISDICTION AND VENUE

6. Pursuant to 15 U.S.C. § 1681p, this claim can be brought in any court of competent jurisdiction.

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0024

7. Venue is proper in this Court because a substantial part of the claim arose here.

FACTUAL ALLEGATIONS

8. On or about August 15, 2023, Plaintiff signed a mutual release ("the Mutual Release") with a third-party entity named LVNV Funding, LLC ("LVNV"), and LVNV signed the Mutual Release on September 7, 2023.

9. A copy of the Mutual Release is attached hereto as Exhibit A.

10. As part of the Mutual Release, LVNV agreed to release Plaintiff "from all claims."

11. Prior to LVNV signing the Mutual Release, LVNV was reporting a debt on Plaintiff's credit report in the amount of $3,238 ("the Alleged Account").

12. The Mutual Release included the Alleged Account.

13. After the Mutual Release was signed, Plaintiff reviewed his credit reports, and he saw that the Alleged Account was listed on his report.

14. On or about November 8, 2023, Plaintiff mailed a letter to Defendant in which Plaintiff disputed the Alleged Account ("the First Dispute").

15. In the First Dispute, Plaintiff informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

16. As part of the First Dispute, Plaintiff included a copy of the Mutual Release.

17. Defendant received the First Dispute shortly after it was mailed.

18. Defendant notified LVNV of the First Dispute.

19. In the alternative, Defendant failed to notify LVNV of the First Dispute.

20. It is believed, and therefore averred, that Equifax verified the Alleged Account after receiving the First Dispute.

21. In any event, Equifax did not conduct a reasonable investigation of the Alleged Account after receiving the First Dispute, and it did not remove the Alleged Account from Plaintiff's credit report.

22. On or about February 14, 2024, Plaintiff mailed another letter to Defendant in which Plaintiff again disputed the LVNV tradeline ("the Second Dispute").

23. In the Second Dispute, Plaintiff again informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

24. In the Second Dispute, Plaintiff again included a copy of the Mutual Release.

25. Defendant received the Second Dispute shortly after it was mailed.

26. Defendant notified LVNV of the Second Dispute.

27. In the alternative, Defendant failed to notify LVNV of the Second Dispute.

28. It is believed, and therefore averred, that Defendant verified the Alleged Account in response to the Second Dispute.

29. In the alternative, Defendant failed to provide Plaintiff with a response to the Second Dispute.

30. In any event, Equifax did not conduct a reasonable investigation of the Alleged Account after receiving the Second Dispute, and it did not remove the Alleged Account from Plaintiff's credit report.

31. On or about May 6, 2024, Plaintiff again disputed the LVNV tradeline to Defendant ("the Third Dispute").

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0026

32. In the Third Dispute, Plaintiff again informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

33. In the Third Dispute, Plaintiff again included a copy of the Mutual Release.

34. Defendant received the Third Dispute shortly after it was mailed.

35. Defendant notified LVNV of the Third Dispute.

36. In the alternative, Defendant failed to notify LVNV of the Third Dispute.

37. It is believed, and therefore averred, that Equifax verified the Alleged Account after receiving the Third Dispute.

38. In any event, Equifax did not conduct a reasonable investigation of the Alleged Account after receiving the Third Dispute, and it did not remove the Alleged Account from Plaintiff's credit report.

39. It is believed, and therefore averred that, as of the filing of this complaint, the Alleged Account is still listed on Plaintiff's credit report with Defendant.

40. As described more fully above, after signing the Mutual Release, Plaintiff disputed the LVNV account three separate times with Defendant.

41. Each of Plaintiff's disputes included a signed document stating that LVNV had released Plaintiff of all claims.

42. Defendant had first-hand knowledge that the Alleged Account was an account that should have been included in the Mutual Release, because Defendant was already reporting the Alleged Account as being owed to LVNV prior to the execution date of the Mutual Release.

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0027

43. In fact, Defendant's credit reports indicate that it first began reporting the Alleged Account as being owed to LVNV in December of 2020—nearly three years prior to the date of the Mutual Release.

44. Nevertheless, after receiving a copy of the Mutual Release, it is believed that Defendant verified the Alleged Account on multiple occasions.

45. Due to Defendant's failure to conduct reasonable investigations regarding Plaintiff's disputes, the LVNV account on Plaintiff's credit report was not appropriately deleted.

46. The improper reporting of the LVNV account has hampered Plaintiff's ability to obtain credit and pursue other opportunities.

47. As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, credit denials, detriment to his credit rating, and emotional distress.

*Count I – Violation of the Fair Credit Reporting Act*

48. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

49. Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

50. Defendant willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways including without limitation by failing to conduct reasonable reinvestigations of

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0028

Plaintiff's disputes and by failing to appropriately delete or modify information in Plaintiff's file.

51. As a result of Defendant's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, credit denials, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

52. Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

53. Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for actual damages, punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

TRIAL BY JURY

54. Plaintiff is entitled to and hereby requests a trial by jury.

Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
P: (570) 589-0010

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0029

**CERTIFICATION OF COMPLIANCE**

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Brett Freeman
Bar Number PA 308834
Attorney for Plaintiff
FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436
P: (570) 589-0010

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0030

# EXHIBIT A

## The Mutual Release

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0031

**Mutual Release**

The undersigned, Thomas Roseman and LVNV Funding, LLC, agree that:

Thomas Roseman releases LVNV Funding, LLC and all employees and attorneys from all claims.

LVNV Funding, LLC releases Thomas Roseman and all attorneys from all claims.

No other parties or companies are released that are not named in this release. A facsimile signature shall be considered an original, and this document may be signed in counterpart. The parties acknowledge that the claims being released are the subject of good-faith disputes, and therefore the release of the debt in this matter does not constitute the "discharge of indebtedness" as used in 26 U.S.C. § 6050P. As a result, neither party will issue a 1099 to the other. As part of this release, LVNV Funding, LLC will request the deletion of any tradeline associated with the claims released herein.

Dated: 08 / 15 / 2023

[signature]
Thomas Roseman

LVNV Funding, LLC
By:

Dated: September 7, 2023

Kim Hannigan
Sign Here

Kim Hannigan, Authorized Representative
Print Name and Title Here

Dropbox Sign — Audit trail

| | |
|---|---|
| **Title** | LVNV v Roseman Mutual Release.pdf |
| **File name** | LVNV%20v%20Rosema...ual%20Release.pdf |
| **Document ID** | 41bff41b013feb417817cfc407c84beb1ee84cd4 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **08 / 10 / 2023** 19:32:34 UTC | Sent for signature to Thomas Roseman (jetfan186@gmail.com) from brett@freeman.law IP: 73.101.254.49 |
| VIEWED | **08 / 15 / 2023** 23:25:21 UTC | Viewed by Thomas Roseman (jetfan186@gmail.com) IP: 172.56.220.242 |
| SIGNED | **08 / 15 / 2023** 23:26:04 UTC | Signed by Thomas Roseman (jetfan186@gmail.com) IP: 172.56.220.242 |
| COMPLETED | **08 / 15 / 2023** 23:26:04 UTC | The document has been completed. |

Powered by Dropbox Sign

Doc ID: 3e358c9bca3d54946526389d75facfec9c8adfa5

**Verification of Complaint and Certification**
**by Plaintiff Thomas Roseman**

Plaintiff, Thomas Roseman, being duly sworn according to law, deposes as follows:

1. I am the plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass the Defendant, cause unnecessary delay to the Defendant, or create a needless increase in the cost of litigation to the Defendant, named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746(2).

Date: 01 / 31 / 2025

Thomas Roseman

**Dropbox** Sign

Audit trail

| | |
|---|---|
| **Title** | Complaint.pdf |
| **File name** | Complaint.pdf |
| **Document ID** | 3e358c9bca3d54946526389d75facfec9c8adfa5 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **01 / 31 / 2025**<br>19:52:27 UTC | Sent for signature to Thomas Roseman (jetfan186@gmail.com) from shannon@freeman.law<br>IP: 68.70.25.163 |
| VIEWED | **01 / 31 / 2025**<br>20:07:42 UTC | Viewed by Thomas Roseman (jetfan186@gmail.com)<br>IP: 172.56.29.171 |
| SIGNED | **01 / 31 / 2025**<br>20:08:17 UTC | Signed by Thomas Roseman (jetfan186@gmail.com)<br>IP: 172.56.29.171 |
| COMPLETED | **01 / 31 / 2025**<br>20:08:17 UTC | The document has been completed. |



FREEMAN LAW
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18436

RETURN RECEIPT REQUESTED

**CERTIFIED MAIL®**

9589 0710 5270 0903 1797 32

Retail

UNITED STATES POSTAL SERVICE®

30309

RDC 99

U.S. POSTAGE PAID
FCM LETTER
HAMLIN, PA 18427
FEB 12, 2025

**$10.24**

S2324P501910-3

Equifax Information Services, LLC
1550 Peachtree Street, N.W.
Atlanta, GA 30309

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0036

STICKER AT TOP OF

EFX ORIGINAL DOCUMENT 5 02\20\2025 00566777 006 0036