IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
HARRISBURG DIVISION

THOMAS ROSEMAN,

        Plaintiff,

    v.

EQUIFAX INFORMATION SERVICES, LLC,

        Defendant.

Case No.  3:25-cv-00441

## EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

### INTRODUCTORY STATEMENT

**COMPLAINT ¶1:**

This is a Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., action for damages based on inaccurate information contained in Plaintiff's credit file. Defendant failed to follow reasonable procedures and failed to conduct reasonable investigations with respect to such information.

**ANSWER:**

Equifax admits that Plaintiff brings a civil action alleging violations of the FCRA. Equifax

denies that it violated the FCRA, denies that any action or inaction of Equifax proximately caused

Plaintiff injury, and denies that Plaintiff is entitled to any of the relief sought in the Complaint.

### PARTIES

**COMPLAINT ¶2:**

Plaintiff, Thomas Roseman, is a natural person who resides at 145 Hty Road, Kunkletown, PA 18058.

316635215v.1

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶3:**

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶4:**

Defendant, Equifax Information Services, LLC, is a credit bureau doing business in Pennsylvania.

**ANSWER:**

Equifax admits that it is authorized to conduct business in Pennsylvania.

**COMPLAINT ¶5:**

Defendant is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax admits that some of its business activities render it a consumer reporting agency and therefore admits that allegation as to those activities only.

## JURISDICTION AND VENUE

**COMPLAINT ¶6:**

Pursuant to 15 U.S.C. § 1681p, this claim can be brought in any court of competent jurisdiction.

**ANSWER:**

The allegations in this paragraph constitute a legal averment to which no response is required.

**COMPLAINT ¶7:**

Venue is proper in this Court because a substantial part of the claim arose here.

316635215v.1

**ANSWER:**

Equifax does not contest venue.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶8:**

On or about August 15, 2023, Plaintiff signed a mutual release ("the Mutual Release") with a third-party entity named LVNV Funding, LLC ("LVNV"), and LVNV signed the Mutual Release on September 7, 2023.

**ANSWER:**

Upon information and relief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶9:**

A copy of the Mutual Release is attached hereto as Exhibit A.

**ANSWER:**

Upon information and relief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶10:**

As part of the Mutual Release, LVNV agreed to release Plaintiff "from all claims."

**ANSWER:**

The Mutual Release attached to the Complaint as Exhibit A speaks for itself, and to the

extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents o

the Mutual Release attached to the Complaint as Exhibit A those allegations are denied.

**COMPLAINT ¶11:**

Prior to LVNV signing the Mutual Release, LVNV was reporting a debt on Plaintiff's credit report in the amount of $3,238 ("the Alleged Account").

**ANSWER:**

Upon information and belief, Equifax admits the allegations in this paragraph.

**COMPLAINT ¶12:**

The Mutual Release included the Alleged Account.

- 3 -

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶13:**

After the Mutual Release was signed, Plaintiff reviewed his credit reports, and he saw that the Alleged Account was listed on his report.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶14:**

On or about November 8, 2023, Plaintiff mailed a letter to Defendant in which Plaintiff disputed the Alleged Account ("the First Dispute").

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. By way of further response, Equifax states that, as of the time of the filing of this Answer, it has located no record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶15:**

In the First Dispute, Plaintiff informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. By way of further response, Equifax states that, as of the time of the filing of this Answer, it has located no record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

316635215v.1

- 5 -

**COMPLAINT ¶16:**

As part of the First Dispute, Plaintiff included a copy of the Mutual Release.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. By way of further response, Equifax states that, as of the time of the filing of this Answer, it has located no record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶17:**

Defendant received the First Dispute shortly after it was mailed.

**ANSWER:**

Upon information and belief, Equifax denies the allegations in this paragraph. By way of further response, Equifax states that, as of the time of the filing of this Answer, it has located no record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶18:**

Defendant notified LVNV of the First Dispute.

**ANSWER:**

Upon information and belief, Equifax denies the allegations in this paragraph. By way of further response, Equifax states that, as of the time of the filing of this Answer, it has located no record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶19:**

In the alternative, Defendant failed to notify LVNV of the First Dispute.

316635215v.1

**ANSWER:**

Upon information and belief, Equifax denies the allegations in this paragraph. By way of

further response, Equifax states that, as of the time of the filing of this Answer, it has located no

record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶20:**

It is believed, and therefore averred, that Equifax verified the Alleged Account after
receiving the First Dispute.

**ANSWER:**

Upon information and belief, Equifax denies the allegations in this paragraph. By way of

further response, Equifax states that, as of the time of the filing of this Answer, it has located no

record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶21:**

In any event, Equifax did not conduct a reasonable investigation of the Alleged Account
after receiving the First Dispute, and it did not remove the Alleged Account from Plaintiff's credit
report.

**ANSWER:**

Upon information and belief, Equifax denies the allegations in this paragraph. By way of

further response, Equifax states that, as of the time of the filing of this Answer, it has located no

record of receiving a dispute from Plaintiff or someone acting on his behalf in November 2023.

**COMPLAINT ¶22:**

On or about February 14, 2024, Plaintiff mailed another letter to Defendant in which
Plaintiff again disputed the LVNV tradeline ("the Second Dispute").

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf

that was dated February 14, 2024. The letter received by Equifax speaks for itself, and to the extent

- 7 -

that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶23:**

In the Second Dispute, Plaintiff again informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated February 14, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶24:**

In the Second Dispute, Plaintiff again included a copy of the Mutual Release.

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated February 14, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶25:**

Defendant received the Second Dispute shortly after it was mailed.

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated February 14, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

316635215v.1

**COMPLAINT ¶26:**

Defendant notified LVNV of the Second Dispute.

**ANSWER:**

Equifax admits that it contacted Resurgent Capital Services, the data furnisher for LVNV.

**COMPLAINT ¶27:**

In the alternative, Defendant failed to notify LVNV of the Second Dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶28:**

It is believed, and therefore averred, that Defendant verified the Alleged Account in response to the Second Dispute. '

**ANSWER:**

Equifax admits that it prepared reinvestigation results, which speak for themselves. To the

extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of

the reinvestigation results those allegations are denied.

**COMPLAINT ¶29:**

In the alternative, Defendant failed to provide Plaintiff with a response to the Second Dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶30:**

In any event, Equifax did not conduce a reasonable investigation of the Alleged Account after receiving the Second Dispute, and it did not remove the Alleged Account from Plaintiff's credit report.

316635215v.1

**ANSWER:**

Equifax admits that it prepared reinvestigation results, which speak for themselves. To the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the reinvestigation results those allegations are denied. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶31:**

On or about May 6, 2024, Plaintiff again disputed the LVNV tradeline to Defendant ("the Third Dispute").

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated May 6, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶32:**

In the Third Dispute, Plaintiff again informed Defendant than he had signed a mutual release with LVNV and that he no longer owed the Alleged Account.

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated May 6, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶33:**

In the Third Dispute, Plaintiff again included a copy of the Mutual Release.

316635215v.1

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated May 6, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶34:**

Defendant received the Third Dispute shortly after it was mailed.

**ANSWER:**

Equifax admits it received a letter from Plaintiff or someone acting on Plaintiff's behalf that was dated May 6, 2024. The letter received by Equifax speaks for itself, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letter received by Equifax those allegations are denied.

**COMPLAINT ¶35:**

Defendant notified LVNV of the Third Dispute.

**ANSWER:**

Equifax admits that it contacted Resurgent Capital Services, the data furnisher for LVNV.

**COMPLAINT ¶36:**

In the alternative, Defendant failed to notify LVNV of the Third Dispute.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶37:**

It is believed, and therefore averred, that Equifax verified the Alleged Account after receiving the Third Dispute.

316635215v.1

**ANSWER:**

Equifax admits that it prepared reinvestigation results, which speak for themselves. To the

extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of

the reinvestigation results those allegations are denied.

**COMPLAINT ¶38:**

In any event, Equifax did not conduct a reasonable investigation of the Alleged Account
after receiving the Third Dispute, and it did not remove the Alleged Account from Plaintiff's credit
report.

**ANSWER:**

Equifax admits that it prepared reinvestigation results, which speak for themselves. To the

extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of

the reinvestigation results those allegations are denied. Equifax denies the remaining allegations

in this paragraph.

**COMPLAINT ¶39:**

It is believed, and therefore averred that, as of the filing of this complaint, the Alleged
Account is still listed on Plaintiff's credit report with Defendant.

**ANSWER:**

Equifax admits that, as of the time of the filing of the Complaint, an LVNV account with

balance of $3,238 appeared on Plaintiff's Equifax credit file. By way of further response, Equifax

states that, prior to the filing of the Complaint—and, indeed, prior to the three dispute letters

alleged in the Complaint—multiple other LVNV accounts had been suppressed from Plaintiff's

Equifax credit file, including one LVNV account suppressed in calendar year 2023.

**COMPLAINT ¶40:**

As described more fully above, after signing the Mutual Release, Plaintiff disputed the
LVNV account three separate times with Defendant.

**ANSWER:**

Equifax admits it received two letters from Plaintiff or someone acting on Plaintiff's behalf. The two letters received by Equifax speak for themselves, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letters received by Equifax those allegations are denied. Upon information and relief, Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶41:**

Each of Plaintiff's disputes included a signed document stating that LVNV had released Plaintiff of all claims.

**ANSWER:**

Equifax admits it received two letters from Plaintiff or someone acting on Plaintiff's behalf. The two letters received by Equifax speak for themselves, and to the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the letters received by Equifax those allegations are denied. Upon information and relief, Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶42:**

Defendant had first-hand knowledge that the Alleged Account was an account that should have been included in the Mutual Release, because Defendant was already reporting the Alleged Account as being owed to LVNV prior to the execution date of the Mutual Release.

**ANSWER:**

Equifax denies the allegations in this paragraph. By way of further response, Equifax states that the "Mutual Release" appears to be a private, settlement agreement entered into between Plaintiff and LVNV, governed by Pennsylvania contract law. Equifax is not required to offer a legal assessment on reinvestigation under § 1681i of the FCRA.

**COMPLAINT ¶43:**

In fact, Defendant's credit reports indicate that it first began reporting the Alleged Account as being owed to LVNV in December of 2020—nearly three years prior to the date of the Mutual Release.

**ANSWER:**

Equifax is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

**COMPLAINT ¶44:**

Nevertheless, after receiving a copy of the Mutual Release, it is believed that Defendant verified the Alleged Account on multiple occasions.

**ANSWER:**

Equifax admits that it prepared reinvestigation results, which speak for themselves. To the extent that Plaintiff misstates, misquotes, mischaracterizes or takes out of context the contents of the reinvestigation results those allegations are denied.

**COMPLAINT ¶45:**

Due to Defendant's failure to conduct reasonable investigations regarding Plaintiff's disputes, the LVNV account on Plaintiff's credit report was not appropriately deleted.

**ANSWER:**

Equifax admits that, as of the time of the filing of the Complaint, an LVNV account with balance of $3,238 appeared on Plaintiff's Equifax credit file, but denies the remaining allegations in this paragraph.

**COMPLAINT ¶46:**

The improper reporting of the LVNV account has hampered Plaintiff's ability to obtain credit and pursue other opportunities.

316635215v.1

**ANSWER:**

Equifax denies the allegations in this paragraph to the extent they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

**COMPLAINT ¶47:**

As a result of Defendant's actions and omissions, Plaintiff has suffered actual damages,
including but not limited to out-of-pocket expenses, credit denials, detriment to his credit rating,
and emotional distress.

**ANSWER:**

Equifax denies the allegations in this paragraph to the extent they pertain to Equifax.

Equifax is without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph.

*Count I — Violation of the Fair Credit Reporting Act*

**COMPLAINT ¶48:**

Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

**ANSWER:**

Equifax incorporates by reference all preceding responses as though fully stated herein.

**COMPLAINT ¶49:**

Defendant willfully and/or negligently violated 15 U.S.C. § 1681e(b) by failing to follow
reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer reports.

**ANSWER:**

Denied.

**COMPLAINT ¶50:**

Defendant willfully and/or negligently violated 15 U.S.C. § 1681i in multiple ways
including without limitation by failing to conduct reasonable reinvestigations of Plaintiff's
disputes and by failing to appropriately delete or modify information in Plaintiff's file.

316635215v.1

**ANSWER:**

Denied.

**COMPLAINT ¶51:**

As a result of Defendant's violations of §§ 1681e(b) and 1681i, Plaintiff has suffered actual damages, including but not limited to out-of-pocket expenses, credit denials, detriment to his credit rating, and emotional distress. Plaintiff is therefore entitled to recover actual damages pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Denied.

**COMPLAINT ¶52:**

Defendant's actions and omissions were willful, rendering it liable for punitive damages and/or statutory damages pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Denied.

**COMPLAINT ¶53:**

Plaintiff is entitled to recover costs and attorney's fees from Defendant pursuant to 15 U.S.C. §§ 1681n and 1681o.

**ANSWER:**

Denied.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for actual damages, punitive and/or statutory damages pursuant to 15 U.S.C. § 1681n, reasonable attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n and/or 1681o, and for such other and further relief as may be just and proper.

**ANSWER:**

Denied.

**TRIAL BY JURY**

**COMPLAINT ¶54:**

Plaintiff is entitled to and hereby requests a trial by jury.

- 15 -

316635215v.1

**ANSWER:**

Equifax admits that Plaintiff demands a trial by jury. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

<b><u>AFFIRMATIVE AND OTHER DEFENSES</u></b>

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

<b><u>FIRST DEFENSE</u></b>

At all relevant times herein, the Plaintiff's alleged damages, which Equifax denies exist, were aggravated by the failure of Plaintiff to use reasonable diligence to mitigate the same. Therefore, Plaintiff's recovery, if any, should be barred or decreased by reason of their failure to mitigate alleged losses.

<b><u>SECOND DEFENSE</u></b>

To the extent Plaintiff recovers from any other entity for the same damages alleged to have been caused by Equifax, Plaintiff's alleged damages, which Equifax denies exist, should be barred or decreased by reason of the One Satisfaction Rule.

<b><u>THIRD DEFENSE</u></b>

Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

<b><u>FOURTH DEFENSE</u></b>

Plaintiff's Complaint fails to state a claim for violation of 15 U.S.C. § 1681i. Although an LVNV account with balance of $3,238 appeared on Plaintiff's Equifax credit file, prior to the three dispute letters alleged in the Complaint multiple other LVNV accounts had been suppressed from

- 16 -

Plaintiff's Equifax credit file, including one LVNV account suppressed in calendar year 2023, and, upon information and belief, LVNV and Plaintiff had been engaged in civil litigation that commenced December 28, 2022. *LVNV Funding LLC v. Tom Roseman a/k/a Thomas G. Roseman*, No. MJ-43304-CV-0000352-2022 (Magisterial District Court, Monroe County, Pennsylvania). The "Mutual Release" appears to be a private, settlement agreement entered into between Plaintiff and LVNV, governed by Pennsylvania contract law. Equifax is not required to offer a legal assessment on reinvestigation under § 1681i of the FCRA, and, therefore, Plaintiff's § 1681i fails as a matter of law.

**FIFTH DEFENSE**

Plaintiff's Complaint fails to state a claim for violation of 15 U.S.C. § 1681e(b). Plaintiff's Complaint fails to allege any specific publication of a consumer report by Equifax to an identified third party which included an inaccuracy cognizable under the FCRA due to a failure to follow reasonable procedures and which resulted in injury to Plaintiff.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)     Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)     it be dismissed as a party to this action; and

(3)     it recover such other and additional relief as the Court deems just and appropriate.

316635215v.1

- 18 -

DATED:  April 7, 2025

Respectfully submitted,

CLARK HILL PLC


By:  */s/ Vincent M. Roskovensky*

      Vincent M. Roskovensky
      vroskovensky@clarkhill.com
      CLARK HILL PLC
      One Oxford Center
      301 Grant Street, 14th Floor
      Pittsburgh,  PA 15219
      Telephone:  412-394-7716

*Counsel for Defendants*
*Equifax Information Services LLC*

316635215v.1

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 7, 2025, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Vincent M. Roskovensky*

Vincent M. Roskovensky
*Counsel for Defendant*
*Equifax Information Services LLC*

316635215v.1