IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THOMAS ROSEMAN, : 3:25CV441
:
: (Judge Munley)
:
Plaintiff :
:
v. :
:
EQUIFAX INFORMATION SERVICES, LLC, :
:
Defendant :

## ORDER

**IT IS HEREBY ORDERED THAT:**

A Telephonic Case Management Conference will be conducted by the Court on **Friday, May 9, 2025 at 10:00AM.** <u>Counsel for the plaintiff is responsible for initiating and placing the conference call to Judge Munley's chambers at telephone number (570) 207-5780.</u>

1. In accordance with Fed.R.Civ.P. 26(f) and Local Rule 16.3, lead counsel for each party shall, as soon as practicable and in any event at least five (5) days prior to the Case Management Conference, meet and discuss in good faith the matters set forth on the Joint Case Management Plan, a copy of which is included in our Local Rules of Court and may be obtained from the Clerk's Office. **The completed Joint Case Management Plan must be filed at least five (5) days prior to the Case Management Conference.**

Sanctions may be imposed if a party or a party's attorney fails to participate in good faith in the conference required by Fed.R.Civ.P. 26(f) and Local Rule 16.3(a). See, e.g., Fed.R.Civ.P. 37(g).

2. The purpose of the Case Management Conference is to discuss all aspects of this case, including any pending motions, as well as a schedule for (a) the completion of discovery, (b) amendment of pleadings, (c) joinder of parties, (d) filing of motions, and (e) trial. Presently, joinder of third-party defendants is governed by Local Rules 14.1 and 14.2; amendment of pleadings by Fed.R.Civ.P. 15; the filing of pretrial motions by Local Rule 7.1; and the closing of discovery by Local Rule 26. Unless modified at the Case Management Conference, these rules will continue to apply. The subjects for consideration at the Case Management Conference will also include those matters set forth in Fed.R.Civ.P. 16(b) and (c).

3. It is anticipated that, prior to the Case Management Conference, the parties, at a minimum, will have complied with the disclosure requirements of Fed.R.Civ.P. 26(a) so that a reasonable discussion of the merits will take place at the conference. Local Rule 5.4(b) states, "Interrogatories, requests for disclosures, requests for documents, requests for admissions, and answers and responses thereto", i.e. **discovery material**, "**shall not be filed with the court** unless on order of

the court...".

4..  If the parties agree to refer this matter to a Magistrate Judge for pretrial and trial purposes, it should be indicated on the Case Management Plan. The conference will then be cancelled and the case will then be referred to a Magistrate Judge who will re-schedule the case management conference.

5..  In accordance with Fed.R.Civ.P. 16(c) and Local Rule 16.2, at least one of the attorneys for each party participating in the Case Management Conference shall be familiar with the case; shall have authority to enter into stipulations and to make admissions regarding all matters that the parties reasonably anticipate may be discussed; and shall have complete settlement authority.  If any attorney does not have complete settlement authority, the party or person with full settlement authority shall be available by telephone.  Counsel is responsible for notifying the person with settlement authority of the requirements of Local Rule 16.2, as well as the date of the Case Management Conference.

6. It is the affirmative duty of both counsel and the Court to avoid undue cost or delay in litigation. Counsel are expected to comport themselves in a manner intended to serve the just, speedy and inexpensive determination of this action.

**Strict compliance with our Local Rules, including Rules 16.2 (Participants) and 16.3 (Conference of Attorneys), is required. Copies of the Local Rules are available at the Clerk's Office. Failure to comply with the Local Rules may result in the imposition of sanctions.**

*s/Julia K. Munley*
JUDGE JULIA K. MUNLEY
United States District Court

Dated: 4/11/24